UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BURAK KEBAPCI,

                Plaintiff,

        -against-

TUNE CORE INC., BELIEVE DIGITAL
CANADA INC., AVRUPA MUZIK YAPIM
FILM VE DAGITIM SANAYI TICARET
LIMITED SIRKETI, and BONUS MUZIK
PRODUKSIYON VE BILISIM HIZMETLERI
SANAYI TICARET LIMITED SIRKETI,

                Defendants.
-----------------------------------------------------------------x

MEMORANDUM & ORDER
15-cv-7141 (ENV)(ST)

VITALIANO, D.J.

      On December 15, 2015, plaintiff Burak Kebapci, *pro se*, filed this action against defendants Tune Core Inc. ("Tune Core"), Believe Digital Canada Inc. ("BDC"), Avrupa Muzik Yapim Film ve Dagitim Sanayi Ticaret Limited Sirketi ("Avrupa"), and Bonus Muzik Produksiyon ve Bilisim Hizmetleri Sanayi Ticaret Limited Sirketi ("Bonus"). Kebapci asserts claims for copyright infringement, trademark infringement, and breach of contract relating to defendants' use and digital distribution of certain Turkish songs created by singer/songwriter Deniz Celik. Compl., Dkt. No. 1, at 3.

      On March 11, 2016, Bonus and Avrupa (the "Bonus defendants") moved to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. No. 42; that same day, Tune Core and BDC moved similarly to dismiss and, alternatively, to strike certain requests in the complaint, pursuant to Rule 12(f), *see* Dkt. No. 46.

      Notwithstanding the pendency of the defense motions, on November 7, 2016, plaintiff moved by order to show cause for a temporary restraining order and preliminary injunction,

1

pursuant to Federal Rule of Civil Procedure 65. Proposed Order to Show [] Cause For Temporary Restraining Order & Preliminary Injunction ("Proposed Order"), Dkt. No. 55 at 1-2.[1] More specifically, plaintiff sought an order:

> A. . . . RESTRAINING AND/OR ENJOINING THE DEFENDANTS FROM USING AND/OR TRANSFERRING ANY OF THE PROCEEDS OF THE SALE OF THE PLAINTIFF'S COPYRIGHTED SONGS PENDING RESOLUTION OF THIS ACTION;
>
> B. DIRECTING THE DEFENDANTS TO PUT THE PROCEEDS OF ANY SALE OR ADVERTISING COMMISSION RECEIVED IN CONNECTION WITH THE PLAINTIFF'S COPYRIGHTED SONGS IN A SPECIAL ESCROW ACCOUNT PENDING RESOLUTION OF THIS CASE; [AND]
>
> C. RESTRAINING THE DEFENDANTS FROM USING AND/OR TRANSFERRING ANY OF THE PROCEEDS RECEIVE[D] FROM YOUTUBE OR ANY OTHER ORGANIZATION OR CORPORATION IN CONNECTION WITH ADVERTISEMENTS, MONETIZING OF THE PLAINTIFF'[S] COPYRIGHTED SONGS[.]

*Id.* Because Kebapci has neither demonstrated a likelihood of success on the merits, nor made a showing of immediate or irreparable harm, as more fully discussed below, the motion for injunctive relief is denied.

### The Controlling Law

"A preliminary injunction is an extraordinary measure that should not be routinely granted." *Clonus Assocs. v. DreamWorks, L.L.C.*, 417 F. Supp. 2d 248, 250 (S.D.N.Y. 2005). As is well settled in the Second Circuit, this drastic remedy is available only when the plaintiff can demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a

---

[1] All citations to the Proposed Order refer to the Electronic Case Filing System ("ECF") pagination.

likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (citation omitted) (describing the standard for preliminary injunction); *see also HarperCollins Publishers L.L.C. v. Gawker Media L.L.C.*, 721 F. Supp. 2d 303, 305-06 (S.D.N.Y. 2010) (describing the same standard in the context of a temporary restraining order).

Moreover, the party seeking a preliminary injunction "must show not only that irreparable injury is possible, but that it is likely." *Clonus*, 417 F. Supp. 2d at 250 (citation omitted). Irreparable harm has been defined as "injury that is not remote or speculative but actual and imminent, and 'for which a monetary award cannot be adequate compensation.'" *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (quoting *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)). Notably, in the context of alleged copyright infringement, a *prima facie* case of infringement will ordinarily give rise to a presumption of irreparable harm. *Clonus*, 417 F. Supp. 2d at 250-51. This presumption exists because "the confusion created in the marketplace will often damage the copyright holder in incalculable and incurable ways." *Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C.*, 712 F. Supp. 2d 96, 102-03 (S.D.N.Y. 2010) (citation omitted).

At the same time, there must be a relative evaluation of the proffered merits. To prevail on a claim of copyright infringement, it is incumbent upon the plaintiff to establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991). "[A] certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright

and of the facts stated in the certificate." 17 U.S.C. § 410(c).[2]

Discussion

Deniz Celik, the artist at the center of what can fairly be characterized as a contract dispute sounding in copyright, is a Turkish singer/songwriter who composed a number of works between 1993 and 1998. Compl. at 2. Kebapci claims copyright in nine albums, containing 96 of Celik's songs. *Id.* According to plaintiff, his ownership rights arise from an assignment made by Celik to Kebapci (and Kebapci's partner, Mert Kantarcioglu) on or about March 1, 2013. *Id.* at 3. Thereafter, on or around April 21, 2015, Kebapci sought and received copyright registration from United States Copyright Office for the 9 albums composed and produced by Celik. Dkt. No. 1-4.

Plaintiff's rationale for seeking preliminary injunctive relief at this time is succinctly stated in the following excerpt from his papers: "The reason why I am making this motion right now is because there has been a change of circumstances and I fear that the defendants may dissipate or transfer the assets to avoid satisfying any future judgment the court may award in my favor." Proposed Order at 6. Kebapci goes on to state that a recent upheaval in the Turkey High Council has resulted in the ouster of many Turkish judges. *Id.* at 7. In his words, Kebapci contends that the "sacking of 3,000 Judges and the appointment of new ones [is] having a significant impact on the intellectual property cases and [also] the defendants' business." *Id.* Without factual embellishment, he asserts that the "newly appointed justices" are far more artist-friendly than their predecessors, and that "the recent decisions have all been in favor of the artists." *Id.* Given this shift, plaintiff reasons that certain Turkish defendants named here have

---

[2] The Court, as it must, construes a *pro se* litigant's submissions liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010).

4

been transferring assets to their subsidiaries "to avoid satisfying any judgment obtained against them." *Id.*

Stated in practical terms, what Kebapci now seeks is, in essence, an assets freeze to preserve defendants' funds in the event that he were to obtain a judgment against them. *See* Proposed Order at 8 (Kebapci noting that he is only requesting that the Court "protect the assets from being dissipated, transferred or otherwise affected should the defendants decide to file for bankruptcy as to avoid" paying him). Yet, in that posture, his application fails at the outset.

Harm, in the context of an award of damages, is not irreparable if the injury to the plaintiff is remote or speculative (as opposed to actual or imminent). In this case, any harm to Kebapci is speculative at best. Additionally, plaintiff's request – by its very nature – runs afoul of the second cardinal rule of irreparable harm: an injury is not irreparable if a monetary award can provide adequate compensation. *See Jackson Dairy*, 596 F.2d at 72 ("For it has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue.").

It is true, on the other hand, that there are rare situations that, given "a showing of intent to frustrate any judgment on the merits," a court may issue a preliminary injunction even if monetary damages would ordinarily suffice. *Sea Carriers Corp. v. Empire Programs, Inc.*, No. 04-CV-7395 (RWS), 2006 WL 3354139, at *5 (S.D.N.Y. Nov. 20, 2006) (citation omitted). However, even then, a plaintiff must still allege facts (not conclusions) and provide evidence that the targeted defendants intend to frustrate judgment in the case at bar. *See Encore Credit Corp. v. LaMattina*, No. CV-05-5442 (CPS), 2006 WL 148909, at *5 (E.D.N.Y. Jan. 18, 2006).

Plaintiff's blanket contention that defendants are "transferring their assets" and "trying to avoid satisfying any judgment" does not suffice.[3]

There is, in any event, serious doubt as to whether Kebapci has made a *prima facie* showing of infringement – more specifically, whether he is the owner of a valid copyright. *Clonus*, 417 F. Supp. 2d at 253 (in the context of a preliminary injunction, noting that a baseline inquiry is whether plaintiff has made a *prima facie* showing of copyright infringement). First, the March 2015 registration in this case "is not *prima facie* evidence of ownership because it was made more than five years after the first publication" of Celik's songs in the 1990s. *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 154 n.5 (2d Cir. 2007) (citing 17 U.S.C. § 410(c)); *see also* 17 U.S.C. § 410(c) (noting that, when a registration comes more than five year after the first publication of the work, "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.").

Second, the assignment itself is called into question by the fact that the only evidence of its existence is plaintiff's representation that "[o]n or about March 1, 2013 . . . [Celik] assigned all her rights title and interest to Mert Kantarcioglu and[,] his partner[,] the plaintiff." Compl. at 2. Assuming the assignment was in writing, as it must to have a shot at validity, 17 U.S.C. § 204, Kebapci has failed to provide a copy of it. In fact, the one agreement he does provide – a

---

[3] As a practical matter, the equitable relief plaintiff seeks is in the nature of a provisional remedy, which requires a substantial evidentiary showing. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 330, 119 S. Ct. 1961, 1974, 144 L. Ed. 2d 319 (1999) ("The remedy sought here could render Federal Rule of Civil Procedure 64, which authorizes use of state prejudgment remedies, a virtual irrelevance."). Kebapci's woefully inadequate showing consequently establishes that he has no legitimate claim to injunctive relief or such a provisional remedy. *See Westchester Fire Ins. Co. v. DeNovo Constructors, Inc.*, 177 F. Supp. 3d 810 (S.D.N.Y. 2016) (stating that the plaintiff must show "that there is a risk of dissipation of assets constituting irreparable harm[.]"); *cf. JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 389 (S.D.N.Y. 2003).

April *2015* agreement, seemingly transferring certain rights from Celik/Kantarcioglu to him – nowhere identifies the subject matter allegedly being transferred, *see* Dkt. No. 1-2, even though Kebapci cites to it as evidence that he is "the assignee and licensee of [Kantarcioglu and Celik]'s copyrights and trademark[] rights in the United States." Compl. at 1. Specifically, the 2015 assignment agreement states only that Celik and Kantarcioglu "wish[] to assign all of [their] rights and obligations under the Contract to [Kebapci]."[4] Dkt. No. 1-2. In short, plaintiff has not satisfied the second prong of the preliminary injunction standard, *i.e.*, "showing either of likelihood of success on the merits or . . . fair grounds for litigation and a balance of hardships tipping decidedly in [his] favor." *MyWebGrocer*, 375 F.3d at 193.

Finally, it must be said that, while a *prima facie* case of copyright infringement generally gives rise to a presumption of irreparable harm, this presumption exists because "the confusion created in the marketplace will often damage the copyright holder in incalculable and incurable ways." *Int'l Swaps*, 712 F. Supp. 2d at 102-03 (citation omitted). Since plaintiff is seeking an injunction that prevents defendants from dispensing assets alone, the facts and the presumption are a mismatch. The facts and claims plaintiff advance show no basis for concern that the denial of injunctive relief would create any amount of confusion in the marketplace.

---

[4] Defendants, of course, challenge any suggestion that plaintiff has any rights whatsoever in Celik's work. Indeed, the Bonus defendants argue that the issues presented in the instant litigation have already been litigated in an action commenced by Celik against Bonus in 2015 in the T.R. Istanbul 1st Court of Intellectual and Industrial Rights (the "Istanbul IP Court"). *See Celik v. Bonus*, Ref. No. 2015/51, Decision No. 2015/153 (Nov. 6, 2015) ("Turkish Op."), Dkt. No. 43-2. According to the Bonus defendants, the Istanbul IP Court ruled in favor of Bonus, finding that Celik had entered into an agreement with Raks Muzik Yapim Sanayi ve Ticaret A.S. ("Raks") in the 1990s, and that Celik had "transferred the rights entirely" at that time. Bonus Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss the Compl. ("Bonus Br."). Dkt. No. 42, at 2, 6-7. Bonus defendants, however, note that on December 7, 2015 (eight days before plaintiff commenced this action), Celik filed an appeal of the Istanbul IP Court's decision, and that the appeal was still pending as of March 2016. Bonus Br. at 7. The Court need not, and does not, reach the substance of these arguments now.

## Conclusion

In line with the foregoing, plaintiff's motion for a temporary restraining order and/or preliminary injunction is denied.

So Ordered.

Dated: Brooklyn, New York
November 11, 2016

/s/ USDJ ERIC N. VITALIANO

ERIC N. VITALIANO
United States District Judge